IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY<br>*Plaintiff,*<br><br>vs.<br><br>ISIDRO JAVIER RODRIGUEZ, FERMAN TRUCKING, LLC, TANH TRAN, AND THU TAN THAI<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ Civil Action No. 1:23-CV-01465-RP |

**PLAINTIFF PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY'S MOTION FOR ENTRY OF DEFAULT JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Progressive County Mutual Insurance Company, and brings this Motion for Entry of Default Judgment.

### I.  BACKGROUND

1. This is a declaratory judgment case. Progressive seeks a judgment that it owes no duty to defend or indemnify Isidro Javier Rodriguez and Ferman Trucking, LLC, in lawsuits filed by Tanh Tran and Thu Tan Thai.

2. Progressive filed this Declaratory Judgment action because the insurance policy purchased by Ferman Trucking, LLC does not cover the accident at issue in the underlying lawsuits which means Progressive has no duty to defend or indemnify Ferman Trucking or its driver, Isidro Rodrigues in those lawsuits.

3. Progressive filed its Original Complaint on December 1, 2023. (Dkt. # 1).

4. Defendant Tanh Tran was served on January 29, 2024; (Dkt. #7).

5. Defendant Isidro Javier Rodriguez was served on March 5, 2024; (Dkt. #9).

1

6. Defendant Ferman Trucking, LLC was served on March 15, 2024. (Dkt. #10)

7. Defendant Thu Tan Thai was served on May 20, 2024 (Dkt. # 13).

8. No defendant has filed an answer.

The Clerk entered default as to all Defendants on August 14, 2024. (Dkt. 18).

## II.   PROGRESSIVE'S COMPLAINT

9. Progressive pleaded that Tanh Tran had filed suit against Rodriguez and Ferman Trucking in state court, alleging damages in excess of $1,000,000.00 and Thu Tam Thai filed suit against the same defendants, alleging damages in excess of $200,000.00. (Dkt. 1, ¶ 12). Tran's and Thai's state court pleadings were attached to Progressive's Complaint and were incorporated into the complaint. *Id*. at ¶ 13. Progressive further alleged that Ferman Trucking had an insurance policy (the "Policy") with the Progressive. *Id*. at ¶ 15. As set out in the Complaint, Progressive filed the instant Declaratory Judgment action alleging the Policy does not cover the accident at issue in the underlying lawsuits. *Id*. at ¶ 15.

10. Progressive specifically alleged that it did not owe a duty of defense or indemnity to Rodriguez or Ferman Trucking for the lawsuits filed by Tran and Thai because the Policy contains provisions that exclude coverage for any auto or attached trailer being operated or used to carry property or for any business purpose. *Id*. at ¶¶ 16-20. Progressive alleged the exclusion was triggered by Tran and Thai's pleadings filed in the Underlying Lawsuit. *Id*. at ¶¶ 16-20. Progressive further alleged that the Policy, by its explicit terms, did not provide coverage for punitive or exemplary damages, both of which are pleaded in the underlying suit. *Id*. at ¶20.

11. A plaintiff is required to plead a short and plain statement of the claim so as to provide the defendant with fair notice. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Under this standard, a plaintiff only needs to plead facts stating a plausible claim of relief and is not required

2

to plead heightened, specific facts in their pleadings. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

12. The factual allegations in Progressive's pleadings, if proven, negate any duty to defend or indemnify. Those allegations have been admitted by the defendants to this case by their default.

### III.   STANDARDS FOR ISSUING DEFAULT JUDGMENT

13. A defaulting defendant, by defaulting, admits a plaintiff's well-pleaded allegations of fact. *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The defaulting defendant is further barred from contesting the facts established by the default on appeal. *Id*. (citing *Ohio Central Railroad Company v. Central Trust Company of New York*, 1889, 133 U.S. 83, 10 S.Ct. 235, 33 L.Ed. 561; *Thomson v. Wooster*, 1884, 114 U.S. 104, 5 S.Ct. 788, 29 L.Ed. 105; and *Trans World Airlines, Inc. v. Hughes*, 2 Cir. 1971, 449 F.2d 51, 63-64, rev'd on other grounds, 1973, 409 U.S. 363, 93 S.Ct. 647, 34 L.Ed 577.4). The pleadings must contain sufficient basis to support the judgment. *Id*. A defaulting defendant may contest the sufficiency of a complaint and its allegations on appeal, but not challenge the sufficiency of the evidence. *Id*.

14. This Court noted the three-part test used to determine when to enter a default judgment: (1) whether the judgment is procedurally warranted; (2) whether there is sufficient bases in the pleadings for the judgment; and (3) what form of relief is appropriate. (Dkt. 19) (citations omitted). Plaintiff meets the requirements of this test.

**A.   Judgment is Procedurally and Substantively Warranted**

15. In determining if a default judgment is procedurally warranted, appellate courts have looked to the following factors:

   [1] whether material issues of fact are at issue;

   [2] whether there has been substantial prejudice;

      [3] whether the grounds for default are clearly established;

      [4] whether the default was caused by a good faith mistake or excusable neglect;

      [5] the harshness of a default judgment; and

      [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

      *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

16. Not all of the specific factors can be addressed with a motion for default judgment because they are factors the defaulting party must show when challenging a default judgment. Whether the default was caused by a good faith mistake or excusable neglect is something the defaulting party would need to plead and support with evidence. However, as set out above, Progressive has alleged material issues of fact that are in dispute—the application of the policy terms to the lawsuits filed by Thai and Tran. Progressive filed the instant declaratory judgment to resolve the question of whether Progressive owes a duty to defend Rodriguez and Ferman Trucking in the underlying lawsuit.

17. Progressive has been substantially prejudiced by the failure of any of the defendants to respond to the declaratory judgment lawsuit. Tran's lawsuit has been ongoing since May 4, 2022, and Thai's has been ongoing since August 5, 2022. (Dkts. 1-2, 1-3). Progressive is potentially incurring liability for not providing a defense in the underlying lawsuits and will continue to incur this risk until this declaratory judgment action is resolved.

18. Grounds for the default are clearly established. No defendant has responded to the lawsuit, although all have been served. (Dkts. 7, 9, 10, 13).

19. There is no evidence before this Court indicating the defaults were the result of good faith mistake or excusable neglect.

4864-7222-0136, v. 1

20. Default in this case is not a harsh remedy. None of the parties to the underlying lawsuit will incur any liability nor will any lose a cause of action or cede a defensive position based on a default. All that will be changed is that the ambiguity surrounding this particular insurance policy will be resolved.

21. Finally, there are no grounds evident that would oblige this court to set aside the default on a defendant's motion. As will be discussed in further detail below, judgment is warranted based on the Progressive's pleadings and even if defendants were to appear and contest the question, Progressive has no duty to defend or indemnify Rodriguez or Ferman Trucking.

**B.     The Sufficiency of Plaintiff's Pleadings**

22. Progressive pleaded that Tanh Tran had filed suit against Rodriguez and Ferman Trucking in state court, alleging damages in excess of $1,000,000.00 and Thu Tam Thai filed suit against the same defendants, alleging damages in excess of $200,000.00. (Dkt. 1, ¶ 12). Tran's and Thai's state court pleadings were attached to Progressive's Complaint and were incorporated into the complaint. *Id*. at ¶ 13. Progressive then alleged that Ferman Trucking had an insurance policy (the "Policy") with the Progressive, a copy of which was attached to the Complaint. *Id*. at ¶ 14. Progressive filed the instant Declaratory Judgment action alleging the Policy does not cover the accident at issue in the underlying lawsuits. *Id*. at ¶ 9.

23. Progressive specifically alleged that it did not owe a duty of defense or indemnity to Rodriguez or Ferman Trucking for the lawsuits filed by Tran and Thai because the Policy contains provisions that exclude coverage for any auto or attached trailer being operated or used to carry property or for any business purpose, which was an exclusion triggered by the operative Tran and Thai's pleadings filed in the Underlying Lawsuit. *Id*. at ¶¶ 16-20. Progressive further alleged that

5

the Policy, by its explicit terms, did not provide coverage for punitive or exemplary damages. *Id*. at ¶20.

**C.     Appropriate Relief**

24.     The final part of the test is hat form of relief is appropriate. The only form of relief that would be appropriate in this case would be a judgment that Progressive does not owe a duty to defend or indemnify Ferman Trucking or Isidro Rodriguez. Progressive does not seek damages or attorney's fees.

### III.     CONCLUSION

25.     Plaintiff Progressive filed this lawsuit pleading that the Policy excludes coverage for Ferman's vehicles when they are being used for trucking or other business uses. Progressive further pleaded that Progressive does not owe a duty to defend or indemnify Ferman Trucking or Isidro Rodriguez for the claims raised by Thai and Tran due to the exclusion. Additionally Progressive pleaded that it does not owe a duty to defend or indemnify Ferman Trucking or Isidro Rodriguez for claims based on punitive or exemplary damages should issue. By defaulting, the Defendants have admitted the pleaded facts and a declaratory judgment should issue.

### PRAYER

Plaintiff Progressive County Mutual Insurance Company prays that judgment issue holding that:

a.     Plaintiff Progressive County Mutual Insurance Company does not owe a duty to defend either Isidro Rodriguez or Ferman Trucking, LLC in the lawsuits styled *Tanh Tran v. Ferman Trucking, LLC and Isidro Javier Rodriguez*, Cause Number D-1-GN-22-002070 in the 261st District Court, Travis County Texas and *Thu Tan Thai v. Ferman Trucking, LLC and Isidro*

*Javier Rodriguez*, Cause Number D-1-GN-23-003267 in the 419th District Court, Travis County Texas;

      b.      Plaintiff Progressive County Mutual Insurance Company does not owe a duty to indemnify either Isidro Rodriguez or Ferman Trucking, LLC in the lawsuits styled *Tanh Tran v. Ferman Trucking, LLC and Isidro Javier Rodriguez*, Cause Number D-1-GN-22-002070 in the 261st District Court, Travis County Texas and *Thu Tan Thai v. Ferman Trucking, LLC and Isidro Javier Rodriguez*, Cause Number D-1-GN-23-003267 in the 419th District Court, Travis County Texas;

      c.      Plaintiff Progressive County Mutual Insurance Company does not owe a duty to defend or indemnify either Isidro Rodriguez or Ferman Trucking, LLC for punitive or exemplary damages in the lawsuits styled *Tanh Tran v. Ferman Trucking, LLC and Isidro Javier Rodriguez*, Cause Number D-1-GN-22-002070 in the 261st District Court, Travis County Texas and *Thu Tan Thai v. Ferman Trucking, LLC and Isidro Javier Rodriguez*, Cause Number D-1-GN-23-003267 in the 419th District Court, Travis County;

      d.      and granting any other relief to which Plaintiff is entitled.

4864-7222-0136, v. 1

Respectfully submitted,

FARMER, HOUSE, OSUNA & OLVERA
411 Heimer Road
San Antonio, Texas 78232-4854
Telephone No. (210) 377-1990
Facsimile No. (210) 377-1065

*/s/ Nicholas A. Parma*
**Edward L. Osuna**
State Bar No. 15339460
eosuna@satx.law
**Nicholas Parma**
State Bar No. 24007807
nparma@satx.law
*Attorneys for Plaintiff Progressive County Mutual Insurance Company*

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing pleading on September 24, 2024, electronically, and that a true and correct copy of the foregoing will be served on counsel of record via the Electronic Case Filing System of the United States District Court for the Western District of Texas, Austin Division. Copies were further served via email.

| | |
|---|---|
| Zachary A. Zapata<br>State Bar No. 24110880<br>Dang Law Group, PLLC<br>11442-A N IH-35<br>Austin, Texas 78753<br>zach@danglawgroup.com<br>*Attorney for Defendant Tanh Tran* | Larry J. Goldman<br>State Bar No. 08093450<br>Harry A. Church<br>State Bar No. 24116199<br>Goldman & Peterson, PLLC<br>10100 Reunion Place, Ste. 800<br>San Antonio, Texas 78216<br>larry@ljglaw.com<br>harry@ljglaw.com<br>*Attorneys for Defendants Ferman Trucking, LLC & Isidro Javier Rodriguez* |
| Loc "Alan" Nguyen<br>State Bar No. 24088128<br>Nguyen Loc Law Firm, P.C.<br>9999 Bellaire Blvd., Ste. 909<br>Houston, Texas 77036<br>alan@nlattorney.com<br>*Attorney For Defendant Thu Tan Thai* | |

*/s/ Nicholas A. Parma*
**Edward L. Osuna**
**Nicholas A. Parma**

8

4864-7222-0136, v. 1