IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PROGRESSIVE COUNTY MUTUAL | § | |
| INSURANCE COMPANY, | § | |
|     Plaintiff, | § | |
| V. | § | |
| | § | A-23-CV-1465-RP |
| ISIDRO JAVIER RODRIGUEZ, | § | |
| FERMAN TRUCKING, LLC, TANH | § | |
| TRAN, AND THU TAN THAI, | § | |
|     Defendants. | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE:

Before the court is Plaintiff Progressive County Mutual Insurance Company's Motion for Entry of Default Judgment (Dktd. 20, 24[1]).[2] After reviewing the pleadings, the relevant case law, as well as the entire case file, the undersigned submits the following Report and Recommendation to the District Court.

**I.   BACKGROUND**

Plaintiff Progressive County Mutual Insurance Company ("Progressive") issued a Commercial Auto Policy (the "Policy") to Ferman Trucking, LLC. Dkt. 1 ¶ 9. On November 30, 2021, Tanh Tran alleges he was driving a 2021 Dodge Ram when he was struck from behind by a tractor-trailer driven by Isidro Javier Rodriguez, who was allegedly in the course and scope of his employment with Ferman Trucking. *Id*. ¶ 12. Thu Tam Thai alleges she was a passenger in Tran's

---

[1] Progressive filed a supplemental motion for default judgment after the court pointed out that it had not stated whether the individual defendants were not minors, incompetent persons, or in military service. *See* Dkt. 23.

[2] The motion was referred by United States District Judge Robert Pitman to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Text Order Dated October 16, 2024.

1

vehicle. *Id*. Both Thai and Tran were injured in the crash. *Id*. Tran filed suit against Ferman Trucking and Rodriguez in Cause Number D-1-GN-002070 in the 261st District Court, Travis County, Texas. Thai filed suit against Ferman Trucking and Rodriguez in Cause Number D-1-GN-23-003267, in the 419th District Court, Travis County, Texas. *Id*. ¶ 10. Progressive is currently defending Rodriquez and Ferman Trucking in both suits subject to a reservation of rights. *Id*. ¶ 11.

Progressive filed this suit seeking a declaratory judgment that it does not owe a duty of defense or indemnity to Rodriquez or Ferman Trucking.[3] *Id*. ¶ 16. Tran was served on January 29, 2024. Dkt. 7. Rodriguez was served on March 5, 2024. Dkt. 9. Ferman Trucking was served on March 15, 2024. Dkt. 10. Thai was served on May 20, 2024. Dkt. 13. No Defendant filed an answer or otherwise appeared.

## II.  STANDARD FOR DEFAULT JUDGMENT

Federal Rule of Civil Procedure 55(b)(2) governs the entry of a default judgment by a court. *See* FED. R. CIV. P. 55(b)(2).  In the Fifth Circuit, three steps are required when obtaining a default judgment: (1) default by the defendant, FED. R. CIV. P. 55(a); (2) entry of default by the Clerk's Office, FED. R. CIV. P. 55(a); and (3) entry of a default judgment by the district court, FED. R. CIV. P. 55(b); *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Additionally, in order to obtain a default judgment, the movant must establish that the defendant is neither a minor nor an incompetent person, and that the defendant is not in military service. 50 U.S.C. § 3931; FED. R. CIV. P. 55; *Bank of New York Mellon Tr. Co., N.A. v. Hancock*, 5:19-CV-270-H-BQ, 2020 WL 2989023, at *2 (N.D. Tex. June 4, 2020). Where a defendant has defaulted, the factual allegations in the complaint are taken as true, except regarding damages. *See Jackson v. FIE Corp.*, 302 F.3d 515, 525 n.29 (5th Cir. 2002).

---

[3] The court is satisfied that the parties are completely diverse and that the amount in controversy is met. *See* Dkt. 22.

"Default judgments are a drastic remedy" and thus are "resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Accordingly, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (default is not treated as an absolute confession by defendant of liability and of plaintiff's right to recover). A court must accept pleaded facts as true, but must also determine whether those facts state a claim upon which relief may be granted. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (affirming district court's denial of entry of default judgment because, even if true, plaintiff's allegations would not support imposing liability against defendants).

Courts use a three-part test to determine when to enter a default judgment. The court first considers whether the entry of default judgment is procedurally warranted. *United States v. Rod Riordan Inc.*, No. MO:17-CV-071-DC, 2018 WL 2392559, at *2 (W.D. Tex. May 25, 2018); *Nasufi v. King Cable Inc.*, No. 3:15-CV-3273-B, 2017 WL 6497762, at *1 (N.D. Tex. Dec. 19, 2017) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). The Fifth Circuit has set forth six factors for a court to consider in determining whether a default judgment is procedurally proper: "(1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion." *United States v. Padron*, 7:17-CV-00009, 2017 WL 2060308, at *2 (S.D. Tex. May 12, 2017); *see Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Next, courts assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment. *J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015) (citing *Nishimatsu*, 515 F.2d at 1206). In doing so, courts assume that, due to its default, the defendant admits all well-pleaded facts in the plaintiff's complaint. *See Rod Riordan Inc.*, 2018 WL 2392559, at *3.

Finally, the court determines what form of relief, if any, the plaintiff should receive. *Id*. While damages are normally not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts, if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *Id*. (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

### III.   ANALYSIS

All Defendants were served with the Complaint and did not answer. Dkts. 7, 9, 10, 13. The Clerk of Court has entered default against all Defendants. Dkt. 18. Additionally, Ferman Trucking is a limited liability company and is therefore not a minor, incompetent person, or in military service. Progressive has also shown that Defendants Tran, Thai, or Rodriquez are not minors, incompetent persons, or in military service. Dkt. 24, Exhs. A, B, C, D; see also Dkt. 24 at 6 (noting that Tran, Thai, and Rodriquez are represented by counsel in the underlying cases, with none requiring representation through a guardian, conservator, or other like fiduciary).

Considering the relevant factors, default is procedurally warranted. *See Lindsey*, 161 F.3d at 893. No material facts appear to be at issue, there is no substantial prejudice that warrants against entering default, grounds for default are clearly established, there is no indication default was

caused by good faith mistake or excusable neglect, default is not overly harsh, and there is no apparent reason that default would need to be set aside. *Id*.

Taking all well-pleaded facts as true, Progressive has stated a viable claim for declaratory judgment against Defendants. Progressive specifically alleged that it did not owe a duty of defense or indemnity to Rodriguez or Ferman Trucking for the lawsuits filed by Tran and Thai because the Policy contains provisions that exclude coverage for any auto or attached trailer being operated or used to carry property or for any business purpose. Compl. ¶¶ 16-20. Progressive also alleged that the Policy, by its explicit terms, did not provide coverage for punitive or exemplary damages. *Id*. at ¶ 20. Those allegations have been admitted by Defendants by their default.

Accordingly, the undersigned will recommend that Progressive's motion be granted and default judgment be entered against each defendant. Specifically, the undersigned recommends the District Judge enter a judgment that:

> Plaintiff Progressive County Mutual Insurance Company does not owe a duty to defend either Isidro Rodriguez or Ferman Trucking, LLC in the lawsuits styled *Tanh Tran v. Ferman Trucking, LLC and Isidro Javier Rodriguez*, Cause Number D-1-GN-22-002070 in the 261st District Court, Travis County Texas and *Thu Tan Thai v. Ferman Trucking, LLC and Isidro Javier Rodriguez*, Cause Number D-1-GN-23-003267 in the 419th District Court, Travis County Texas;

> Plaintiff Progressive County Mutual Insurance Company does not owe a duty to indemnify either Isidro Rodriguez or Ferman Trucking, LLC in the lawsuits styled *Tanh Tran v. Ferman Trucking, LLC and Isidro Javier Rodriguez*, Cause Number D-1-GN-22-002070 in the 261st District Court, Travis County Texas and *Thu Tan Thai v. Ferman Trucking, LLC and Isidro Javier Rodriguez*, Cause Number D-1-GN-23-003267 in the 419th District Court, Travis County Texas; and

> Plaintiff Progressive County Mutual Insurance Company does not owe a duty to defend or indemnify either Isidro Rodriguez or Ferman Trucking, LLC for punitive or exemplary damages in the lawsuits styled *Tanh Tran v. Ferman Trucking, LLC and Isidro Javier Rodriguez*, Cause Number D-1-GN-22-002070 in the 261st District Court, Travis County Texas and *Thu Tan Thai v. Ferman Trucking, LLC and Isidro Javier Rodriguez*, Cause Number D-1-GN-23-003267 in the 419th District Court, Travis County.

### IV. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** Plaintiff Progressive County Mutual Insurance Company's Motion for Entry of Default Judgment (Dkt. 20, 24) be **GRANTED** and judgment be entered stating:

> Plaintiff Progressive County Mutual Insurance Company does not owe a duty to defend either Isidro Rodriguez or Ferman Trucking, LLC in the lawsuits styled *Tanh Tran v. Ferman Trucking, LLC and Isidro Javier Rodriguez*, Cause Number D-1-GN-22-002070 in the 261st District Court, Travis County Texas and *Thu Tan Thai v. Ferman Trucking, LLC and Isidro Javier Rodriguez*, Cause Number D-1-GN-23-003267 in the 419th District Court, Travis County Texas;

> Plaintiff Progressive County Mutual Insurance Company does not owe a duty to indemnify either Isidro Rodriguez or Ferman Trucking, LLC in the lawsuits styled *Tanh Tran v. Ferman Trucking, LLC and Isidro Javier Rodriguez*, Cause Number D-1-GN-22-002070 in the 261st District Court, Travis County Texas and *Thu Tan Thai v. Ferman Trucking, LLC and Isidro Javier Rodriguez*, Cause Number D-1-GN-23-003267 in the 419th District Court, Travis County Texas; and

> Plaintiff Progressive County Mutual Insurance Company does not owe a duty to defend or indemnify either Isidro Rodriguez or Ferman Trucking, LLC for punitive or exemplary damages in the lawsuits styled *Tanh Tran v. Ferman Trucking, LLC and Isidro Javier Rodriguez*, Cause Number D-1-GN-22-002070 in the 261st District Court, Travis County Texas and *Thu Tan Thai v. Ferman Trucking, LLC and Isidro Javier Rodriguez*, Cause Number D-1-GN-23-003267 in the 419th District Court, Travis County.

### V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and

recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED March 11, 2025,

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE